IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

MICHAEL MILLING,                         )
                                         )
        *Plaintiff*                      )
                                         )          CIVIL ACTION NUMBER
v.                                       )               99-C-1601-W
                                         )
REGAL CINEMAS, INC.                      )
                                         )
        *Defendant*                      )

MEMORANDUM OPINION

*Introduction*

Before this Court is Defendant Regal Cinemas, Inc.'s *Motion for Summary Judgment*. Plaintiff Michael Milling has filed a complaint alleging that Regal Cinemas breached its duty of care to Plaintiff, an invitee to its place of business, by failing to protect him from the criminal assault of a third-party. Viewing the facts in the light most favorable to Plaintiff, and based upon a review of the motion, the supporting and opposing memoranda of law, the Court finds and concludes that the Motion for Summary Judgment is due to be GRANTED.

*The Undisputed Facts*

1. On October 24, 1998, Plaintiff Michael Milling and his family were standing behind a long line of moviegoers outside the Regal Cinemas Theater at McFarland Mall in Tuscaloosa, Alabama.

2. As they slowly proceeded toward the theater entrance, Plaintiff's wife noticed a band of youths breaking the front of the line.

3. She called out to them: "Hey y'all the line is back here." One of the young men

responded: "Shut up, bitch!"

4. After Plaintiff confirmed the identity of the individual who cursed his wife, he became angry and immediately demanded an apology from the perpetrator.

5. The ruffian sneered, to which Plaintiff called him a "son of a bitch" as the young man was walking down the corridor to attend the movie.

6. A few minutes later, after Plaintiff and his family had tendered their tickets to the movie attendant, the hooligan suddenly reappeared and struck Plaintiff in the face.  The assailant jumped the rope that divided the theater from the mall and ran out the door.

7. Regal Cinemas hired an off-duty officer to report on weekend nights on or about the time the incident occurred.  In fact, the officer and the mall managers rushed to Plaintiff's aid after the attack.

8. Both parties stipulate that neither the victim nor his family reported the heated verbal exchange to any Regal Cinemas employee prior to the incident.

9. Plaintiff has filed a complaint accusing Defendant's managers and authorized agents of breaching their duty to provide adequate security personnel to protect him, an invitee, from the criminal acts of the third-party assailant.

*Legal Discussion*

A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party bears the initial burden of showing that there is an absence of a genuine issue of material fact.  For issues on which the non-

movant bears the burden of proof at trial, the moving party "simply may show that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." *See Sherman v. Helms*, 80 F.Supp.2d 1365, 1369 (M.D. Ga. 2000) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993)).

### B. LANDOWNER'S DUTY TO INVITEES IN ALABAMA

Generally, absent special relationships or circumstances, a person has no duty to protect another from the criminal acts of a third person. *See Broadus v. Chevron USA, Inc.*, 677 So.2d 199, 202 (Ala. 1996) (citing *Moye v. A.G. Gaston Motels, Inc.*, 499 So.2d 1368, 1370 (Ala. 1986)). Special circumstances exist only when the defendant knew or had reason to know of a probability of conduct by third persons that would endanger the plaintiff. *See Nail v. Jefferson Cty. Truck Growers Ass'n, Inc.*, 542 So.2d 1208, 1211 (Ala. 1988). And a special relationship (such as that which may arise from contract or voluntary assumption) arises when there is a relationship between the premises owner and the third-party or the premises owner and the plaintiff. *See Young v. Huntsville Hospital*, 595 So.2d 1386, 1388 n.3 (Ala. 1992).

In *Henley v. Pizitz Realty Co.*, 456 So.2d 272 (Ala. 1984), the Alabama Supreme Court defined the scope of an owner's duty of care to invitees. In that case, the plaintiff tried to convince the court to adopt a heightened duty of care, i.e. — the duty to discover, warn against, and protect against the criminal acts of a third party. *Id.; see generally* RESTATEMENT (SECOND) OF TORTS § 344 (1965).

The court, however, refused to impose such an onerous burden on the proprietor. Rather, the focus of the court's inquiry was whether under the given circumstances it was

foreseeable that the third party's criminal act could occur. *See Henley*, 456 So.2d at 277. In resolving this question, the court considered the frequency and severity of prior incidents to determine whether actual or constructive knowledge of dangerous circumstances could be imputed to the defendant-owner. Absent conclusive evidence establishing that the owner knew or should have known of circumstances that could endanger the safety of his patrons, the *Henley* court was left with no other choice but to grant the motion for summary judgment. *Id.*; *see also O.H. v. Ballard Realty Co.*, 516 So.2d 519 (Ala. 1987) (holding that mere rumors about an alleged child molester, having previously followed children, without specific proof, was insufficient to place a duty on apartment complex to take measures to protect residents from him); *Dailey v. Birmingham Housing Authority*, 639 So.2d 1343 (Ala. 1994).

*Analysis*

Defendant's summary judgment motion is due to be granted because no special relationships nor special circumstances existed to give rise to a duty to protect Plaintiff from the third-party assailant's attack. Critical to the Court's disposition of this case is the undisputed fact that Plaintiff did not inform any theater personnel of his unpleasant verbal exchange with the third-party assailant. There is no evidence that Defendant's employees had actual knowledge of the incident.

Moreover, there is no evidence which tends to show that Defendant had constructive knowledge of the impending incident. Apparently, even Plaintiff did not believe a physical altercation was imminent, otherwise he would have reported his fears to the appropriate mall authorities. If Plaintiff, an active participant in the name-calling, did not appreciate the likelihood of the danger, why should the law impose this duty on the mall and theater authorities?

*Page 4 of 5*

In addition, because Plaintiff has adduced no evidence of prior altercations which occurred on a frequent basis at the theater, or altercations of comparable severity to put Defendant's staff on notice of a need for bolstered security, as a matter of law, the Defendant is not liable for this unfortunate but unforeseeable criminal act.

*Conclusion*

By separate order, Defendant's *Motion for Summary Judgment* will be granted.

DONE this 28th day of June, 2000.

UNITED STATES DISTRICT JUDGE
U.W. CLEMON